IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA
40 WANTAGE AVE
BRANCHVILLE, NJ 07890,

Plaintiff,

vs.

KINLY SIGNS CORPORATION dba RIVERCITIES SIGNARAMA
2485 COUNTY ROAD 1
SOUTH POINT, OH 45680

CHRISTIAN BERNARD KINCAID
321 PRIVATE DRIVE 1377
SOUTH POINT, OH 45680

HEATHER KINCAID
321 PRIVATE DRIVE 1377
SOUTH POINT, OH 45680

TYLER LILLY
321 PRIVATE DRIVE 1377
SOUTH POINT, OH 45680

BERNARD KINCAID
321 PRIVATE DRIVE 1377
SOUTH POINT, OH 45680,

Defendants.

CASE NO: 1:26CV1217

JUDGE

**COMPLAINT FOR DECLARATORY JUDGMENT**

**(Jury Demand Endorsed Hereon)**

Plaintiff, Selective Insurance Company of South Carolina ("Selective"), for its Complaint for Declaratory Judgment states as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute. Selective issued a commercial policy of insurance providing liability coverage to Kinly Signs Corporation dba Rivercities Signarama for the policy period April 30, 2025 to November 17, 2025. The Policy provides Commercial Automobile Coverage pursuant to the terms and conditions of the Policy.

2. Pursuant to 28 U.S.C. §2201, Selective seeks a declaration from this Court that it owes no duty to defend or indemnify Kinly Signs Corporation dba Rivercities Signarama ("Kinly") in connection with two lawsuits pending in the Circuit Court of Wayne County, West Virginia arising from a motor vehicle accident which occurred on August 27, 2025; and Selective further reserves the right to seek other appropriate relief under 28 U.S.C. §2202.

## PARTIES

3. Selective is an insurance company organized under the laws of the state of Indiana with its principal place of business in New Jersey.

4. Kinly is an Ohio Corporation with its principal place of business in South Point, Ohio.

5. Christian Bernard Kincaid, Heather Kincaid, Tyler Lilly and Bernard Kincaid are individuals residing in the State of Ohio.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), 2201, and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and Selective seeks declaratory relief with respect to a case of actual controversy within the Court's jurisdiction.

7. This Court has personal jurisdiction over Defendants because they are domiciled in Ohio, because Kinly is organized under Ohio law and maintains its principal place of business in Ohio, and because, upon information and belief, Kinly regularly conducts business in Ohio.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(1) and (2), in that Defendant is a resident within this judicial district and the subject policy of insurance giving rise to the within declaratory judgment action and coverage issues was issued and delivered within this district.

**THE SELECTIVE POLICY**

9. Selective issued a Commercial Policy No: S2703955 to Kinly for the Policy Period of April 30, 2025 to November 17, 2025 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

10. The Policy contains Commercial Automobile Coverage pursuant to the terms and conditions of said Policy with limits of liability of $1,000,000 per accident.

11. The Policy provides coverage pursuant to the Business Auto Coverage Form, Form CA 00 01 11 20. The Policy defines an "Auto" as follows:

> B. "Auto" means:
>
> 1. A land motor vehicle, "trailer" or semitrailer designated for travel on public roads; or
>
> 2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> ***

12. The Policy's Insuring Agreement provides with regard to Covered Autos Liability as follows:

> A. Coverage
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
>
> ***
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages***. However, we have no duty to defend any "insured" against a "suit"

seeking damages for "bodily injury" or "property damage"***to which this insurance does not apply.

***

13. The Policy defines Who Is An Insured as follows:

1. Who Is An Insured

The following are "insureds":

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto."

***

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

***

14. The Policy contains an Elite Pac Commercial Auto Extension Coverage Form, Form CA 78 09 04 24, which modifies the Business Auto Coverage Form as follows:

**EMPLOYEE OWNED AUTOS - BUSINESS USE**

Solely for purposes of the coverage extended by this endorsement:

A. The following is added to **SECTION I, A. description of Covered Auto Designation Symbols:**

Coverage symbols 1, 2, 3, 4, 5, 6, and 7 are amended to include the following:

Any "auto" owned by an "employee" specifically described on the Declarations Page or on file with us when issued on a non-specified "auto" basis is considered an "auto" you own and not a covered "auto" you hire, borrow or lease; and

B. The following is added to **SECTION II, A.1. Who Is An Insured:**

An "employee" who is the owner of a specifically described "auto" on the Declarations Page or on file with us when issued on a non-specified "auto" basis is an "insured."

If the "employee" owned "auto" is used:

1. Without your permission;

2. Outside the scope of any policies and procedures your business has for acceptable vehicle uses;

3. For any purpose other than the conduct of your business; or

4. By anyone other than the "employee" who owns the "auto," except another "employee,"

the limits of liability available to the "employee" or anyone other than a named "insured" under all coverages shown shall be limited to the higher of:

1. $250,000; or

2. The compulsory or financial responsibility law limits where the "auto" is licensed or principally garaged.

***

15. The Policy under the General Conditions, Section IV with regard to Other Insurance provides:

**5. Other Insurance**

**a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.**

***

**d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either**

**excess or primary, we will only pay our share. Our share is the proportion that the Limit of Insurance of Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.**

***

## UNDERLYING ACTIONS

16. The within declaratory judgment action arises out of two Complaints filed in the Circuit Court of Wayne County, West Virginia against Christian Bernard Kincaid, Heather Kincaid, Bernard Kincaid, Tyler Lilly and Kinly Signs Corporation dba Signarama Rivercities and/or Signarama Rivercities, Inc. styled: *Rhonda Copley, Individually and as the Administratrix of the Estate of Lorne Copley v. Christian Bernard Kincaid, et al.,* Civil Action No: CC-50-2025-C-181 (the "Copley Action"); and *John Paul Baisden & Jessica Baisden, As Guardian and Next Friend of Ariena Baisden, a minor v. Christian Bernard Kincaid, et al.*, Civil Action No: CC-50-2025-C-182 (the "Baisden Action") collectively referred to as the ("Underlying Actions").

17. The allegations of the Underlying Actions are virtually identical. The Complaints contain nine causes of action including:

1) negligence against Christian Kincaid alleging breach of duty to operate the vehicle with reasonable care;

2) negligence per se as to Christian Kincaid alleging he violated one or more of West Virginia's traffic safety statutes and/or regulations intended to protect the motoring public;

3) negligent entrustment as to Defendant Tiger Lilly alleging Lilly owned the vehicle operated by Christian Kincaid. It is also alleged in the alternative that Heather Kincaid, Bernard Kincaid and/or Kinly may have owned, supplied, maintained, controlled or furnished the vehicle and negligently entrusted the vehicle to Christian Kincaid when they knew or should have known he was incompetent, unfit, reckless, distracted, fatigued or otherwise likely to operate the vehicle in an unsafe manner;

4) Vicarious liability and respondeat superior as to Kinly and/or Signarama alleging that Kincaid was acting within the course and scope of employment/agency for Kinly and/or Signarama and in furtherance of the business interests at the time of the crash;



#25318350_v1 145491.0021

> 5) negligent hiring, training, supervision and the retention against Kinly and/or Heather Kincaid and/or Bernard Kincaid asserting these Defendants have a duty to use reasonable care in the hiring, training, supervising, scheduling and retaining drivers and/or employees/agents who operate vehicles and that they breach those duties;
>
> 6) negligent maintenance/negligent failure to inspect alleging that Defendants how owned/controlled the vehicle had a duty to maintain it in a reasonably safe condition and to inspect and correct unsafe conditions and that the Defendants breached those duties;
>
> 7) joint enterprise/joint venture/agency as to all Defendants asserting Defendants operated as a joint enterprise/joint venture and/or principal agent relationship and operating the sign business and its vehicles, sharing control and financial interest and that each Defendant is liable for the wrongful acts of the others committed within the scope of the enterprise/agency;
>
> 8) piercing the corporate veil/alter ego as to Signarama, Heather Kincaid and Bernard Kincaid alleging that Signarama's business operated without proper separation among trade names, entities, and individuals; and
>
> 9) punitive damages alleging that Defendants' conduct was willful, wanton, reckless, malicious or demonstrated a conscious, utter indifference to the health, safety and welfare of others supporting an award of punitive damages under West Virgina law.

18. Based upon the allegations in the Underlying Actions, all the alleged conduct arises out of the operation of a 2010 Ford F-150 which is not a specifically described auto on the Policy issued by Selective.

19. The Ford F-150 involved in the motor vehicle accident was also insured pursuant to the terms and conditions of two policies of insurance issued by non-party State Farm bearing Policy No: 3688984-SFP-35 with an effective policy period of August 3, 2025 to February 3, 2026 and Policy No: 2191749-SFP-35.

20. The driver information listed on the State Farm Policies is Heather Kincaid and Bernard Kincaid.

21. Selective tendered the defense of its named insured, Kinly, to State Farm under both State Farm Policies.

**ACTUAL CONTROVERSY**

22. Selective is defending the Underlying Actions under a reservation of rights and contends there is no duty to defend or indemnify pursuant to the terms and conditions of the Policy, or alternatively, that any coverage is excess to the State Farm coverage insuring the 2010 F-150 involved in the fatal accident and the driver Defendants.

**COUNT I - DECLARATORY JUDGMENT**

23. Selective incorporates by reference each and every allegation set forth in the precedent Paragraphs 1 through 22 as if fully rewritten herein.

24. The Accident took place on August 27, 2025.

25. The Accident involved a motor vehicle operated by Christian Bernard Kincaid.

26. Christian Bernard is not an employee of Selective' s insured, Kinly Signs, at the time of the motor vehicle accident.

27. To the extent that Christian Bernard was not within the course and scope of his employment at the time of the motor vehicle accident, he does not qualify as an insured pursuant to the terms and conditions of the Policy.

28. The Policy only pays "all sums" for an insured who legally must pay damages because of bodily injury or property damage caused by an accident resulting from the ownership or maintenance of a covered auto. To the extent that Christian Bernard does not qualify as an insured pursuant to the terms and conditions of the Policy, was not operating a covered "auto" pursuant to the terms and conditions of the Policy, there would be no coverage available pursuant to the terms and conditions of the Policy and thus, no duty to defend or indemnify.

29. Selective is entitled to a declaration that it owes no duty to defend or indemnify Kinly Signs Corporation dba Rivercities Signarama, Heather, Christian Bernard Kincaid, Tyler Lilly nor Bernard Kincaid as there was no motor vehicle accident involving an insured or covered auto.

**COUNT II - DECLARATORY JUDGMENT - (EXCESS COVERAGE)**

30. Selective incorporates by reference each and every allegation set forth in the precedent Paragraphs 1 through 29 as if fully rewritten herein.

31. To the extent the Court determines that Christian Bernard qualifies as an insured pursuant to the terms and conditions of the Policy and, was operating a covered auto at the time of the Accident, pursuant to the terms and conditions of the Policy, the coverage available is at most excess.

32. The Ford F-150, the motor vehicle operated by Christian Bernard at the time of the accident, was not owned by Kinly Signs. Pursuant to the Other Insurance provisions contained within the Policy, the Policy provides coverage on an excess basis for any covered "auto" not owned by the named insured, Kinly.

33. Selective is entitled to a declaration from this Court ordering that if coverage is available pursuant to the terms and conditions of the Policy, the coverage available is at most excess to the State Farm Policies.

**COUNT III - DECLARATORY JUDGMENT - (PUNITIVE DAMAGES)**

34. Selective incorporates by reference each and every allegation set forth in the precedent Paragraphs 1 through 33 as if fully rewritten herein.

35. The Underlying Actions in their Ninth Cause of Action seek punitive damages alleging that Defendants' conduct was willful, wanton, reckless, malicious or demonstrated a conscious, utter indifference to the health, safety and welfare of others supporting an award of punitive damages under West Virginia law.

36. Punitive damages do not qualify as "damages" pursuant to the terms and conditions of the Selective Policy and are thus excluded.

37. It is against public policy in the State of Ohio to insure for punitive damages and thus, they are excluded pursuant to the terms and conditions of the Policy.

38. Selective is entitled to a declaratory judgment ordering that any award or judgment for punitive damages is expressly excluded pursuant to the terms and conditions of the Policy.

WHEREFORE, Plaintiff, Selective Insurance Company of South Carolina, prays that this Court enter a judgment in its favor and against Defendant Kinly Signs Corporation dba Rivercities Signarama, Heather Kincaid, Christian Bernard Kincaid, Tyler Lilly and Bernard Kincaid awarding the following relief:

A. A declaration that no coverage is available for the Underlying Actions under the Policy;

B. For declaration, in the alternative, if this Court deems that coverage is owed pursuant to the terms and conditions of the Policy for the Underlying Actions, the coverage available under the Policy is at most excess to the State Farm coverage pursuant to the Other Insurance provisions of the Policy;

C. For a declaration that there is no coverage available even if the Policy provides coverage on an excess basis for punitive damages under the Policy;

D. For costs of suit incurred herein; and

E. For such other and further relief at law or in equity that the Court deems just and proper.

**RESERVATION OF RIGHTS**

The Policy contains terms, conditions, and exclusions that may be relevant to the Lawsuit that are not currently implicated by this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by Selective of any coverage defenses at law, in equity, or under the Policy or any other Policy issued by Selective to Kinly. Selective continues to reserve all rights with respect to any claim for coverage made under the Policy where appropriate and waives none.

Respectfully submitted,

*/s/ Laura M. Faust*

Laura M. Faust (0059494)
lfaust@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEY FOR PLAINTIFF
SELECTIVE INSURANCE COMPANY OF
SOUTH CAROLINA

**JURY DEMAND**

Plaintiff Selective Insurance Company of South Carolina hereby demands a trial by jury.

*/s/ Laura M. Faust*
Laura M. Faust